IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                          :
Kenyotta TIMMONS,                         :
                                          :    Civil No. 16-1550
                    Plaintiff,            :
                                          :    **Opinion**
                                          :
            v.                            :
                                          :
ACTING COMMISSIONER OF                    :
SOCIAL SECURITY,                          :
                                          :
                    Defendant.            :
_____       :

**KUGLER**, United States District Judge:

This matter comes before the Court upon the appeal of Kenyotta Timmons ("Plaintiff") for review of the dismissal of the request for a hearing by the Administrative Law Judge ("ALJ"). Currently before the Court is a Motion to Dismiss brought by Defendant Acting Commissioner of Social Security. For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED**.

**I.      BACKGROUND**

Plaintiff filed a claim for SSDI benefits and was found disabled as of June 5, 1993. Def.'s Br., Hartt Decl. ¶ 3(a). Upon continuing review, Plaintiff was found no longer disabled as of April 15, 2013, and her benefits thereafter ceased. *Id.* A Disability Hearing Officer reached the same conclusion on reconsideration, and Plaintiff requested a hearing before an ALJ. *Id.* ¶ 3(b)– (c). The hearing was scheduled for October 27, 2015, but Plaintiff did not appear and asked to

postpone the hearing in a letter dated the same. *Id.* ¶ 3(c)–(d). While Plaintiff offered a written explanation for why she did not appear, the ALJ did not find good cause for her absence and dismissed the request for a hearing, on November 18, 2015. *Id.* ¶ 3(d)–(e). The Appeals Council then declined to review the ALJ's Dismissal on January 27, 2016. *Id.* ¶ 3(f). On March 21, 2016, Plaintiff filed a Complaint appealing the November 18, 2015 Dismissal by the ALJ (Doc. No. 1), and on October 11, 2016, Defendant brought the present Motion to Dismiss (Doc. No. 10).

## II. STANDARD OF REVIEW

Where a defendant moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, the plaintiff generally bears the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

## III. DISCUSSION

A district court has jurisdiction over an appeal taken from "a final decision" of the Commissioner made after a hearing. 42 U.S.C. § 405(g). Either the Commissioner or the court may waive the exhaustion requirement in appropriate circumstances. *See Bacon v. Sullivan*, 969 F.2d 1517, 1521 (3d Cir. 1992). The Third Circuit has found court-based waiver where the claimant raised constitutional issues, as well as where the claimant raised "statutory issues upon which the [Commissioner had] taken a final position." *Rankin v. Heckler*, 761 F.2d 936, 940 (3d Cir. 1985). The Third Circuit has explained, "In those cases, the requirement of exhaustion does not serve any underlying policy, because in the former case the federal court is more qualified to address constitutional questions than the agency and in the latter case further appeals are futile in light of the final position already taken." *Id.* at 941.

In this case, the ALJ dismissed Plaintiff's request for a hearing after finding that Plaintiff did not have good cause for not appearing at his scheduled hearing, and the Appeals Council denied review of the ALJ's decision. Thus, the Commissioner did not render a final decision on the claim. *See Van Williams v. Soc. Sec. Admin.*, 152 F. App'x 153, 154 (3d Cir. 2005). As for waiver, the Commissioner clearly declines to waive the exhaustion requirement seeing as she asserts lack of jurisdiction in the present Motion to Dismiss. Neither does the case present constitutional issues or statutory issues upon which the Commissioner has taken a final position. As such, the Court does not have jurisdiction over this matter and dismisses it without prejudice.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

Dated: 6/20/2017                                        s/ Robert B. Kugler
                                                        ROBERT B. KUGLER
                                                        United State District Judge